IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3279-D

| | |
|---|---|
| ANDREW HOBBS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) **ORDER** |
| JOHN DOE #1, et al., | ) ) ) |
| Defendants. | ) ) |

On November 13, 2013, proceeding pro se, four federal inmates—Jeremy Pinson ("Pinson"), Mikeal Stine ("Stine"), Jeremy Brown ("Brown"), and Andrew Hobbs ("Hobbs") (collectively, "plaintiffs")—filed this action seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1985 and 1986. Compl. [D.E. 1]. On November 15, 2013, Magistrate Judge Webb directed all plaintiffs to either pay the filing fee or submit applications to proceed in forma pauperis, and to furnish a sufficient number of copies of the complaint for service [D.E. 2]. On December 2, 2013, Brown filed a motion to withdraw from the litigation [D.E. 5]. Stine and Pinson seek leave to proceed in forma pauperis [D.E. 6, 8]. Hobbs has neither paid the filing fee or submitted an application to proceed in forma pauperis, as the Prison Litigation Reform Act ("PLRA") requires him to do. On December 3, 2013, plaintiffs filed a motion for relief from Judge Webb's order requiring copies of the complaint [D.E. 10]. On January 13, 2014, Stine, Pinson, and Hobbs filed an emergency motion for preliminary injunction [D.E. 11]. As explained below, the court dismisses the action as frivolous.

I.

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–84 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The court first addresses Brown's motion to withdraw [D.E. 5].[1] Brown cites a "mistake[,]" stating that he "ha[s] never filed a civil action in [this] court" and that his signature on the complaint may have been procured by fraud. Mot. 1. Brown also requests that the court not impose a frivolity strike pursuant to 28 U.S.C. § 1915(g) or impose any filing fee against him. Id. The court grants the motion. See Stine v. Lappin, No. 07-CV-01839-WYD-KLM, 2009 WL 2848849, at *14 (D. Colo. Sept. 1, 2009) (noting that Stine "has filed multiple pleadings of questionable veracity"

---

[1] Brown is now incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. See Bureau of Prisons, Inmate Locator, http://www.bop.gov/Locate/ (search by offender number) (last visited Jan. 21, 2014). Brown has failed to inform the court of his change of address.

2

including "an alleged declaration from [another] inmate . . . written in Plaintiff's handwriting and signed, in all likelihood, by Plaintiff").[2]

Pinson and Stine are incarcerated at the United States Penitentiary in Florence, Colorado. Compl. 2. Hobbs is incarcerated at the Federal Correctional Complex in Butner, North Carolina. Id. Plaintiffs allege that in 2010, they "jointly filed a lawsuit against BOP employees in D.C. Circuit U.S. Court of Appeals case no. 10-5059." Id. at 4. "Defendant BOP separated plaintiffs and sent Hobbs to the federal prison in Butner, NC" where "[i]n July 2012 defendant Doe pulled plaintiff Hobbs into an office . . . to question him about case no. 10-5059." Id. Doe advised Hobbs to "drop the case," and further told Hobbs to "[g]et ready for hell if you don't drop the D.C. case." Id. at 4–5. Thereafter, from July 2012 through that Fall, "BOP staff conducted searches of [Hobb']s cell at FCC Butner daily, threw away his incoming mail then taunted him about it, and stopped [Hobbs] from receiving phone calls [from] his family. Id. at 5. Another Butner officer told Hobbs that "defendant Doe told staff to 'torture that litigious bastard' referring to" Hobbs. Id.

Doe also told Hobbs "that Pinson and Stine were 'notorious snitches.'" Compl. 4. Pinson and Stine allege that they "have been threatened by other inmates who are armed," that they were assaulted 3 days" prior to filing the complaint, and that "[i]nmates are now vowing to assault them again." Id. Plaintiffs allege that these acts violated their First and Eighth Amendment rights, and seek injunctive relief and $100,000 in compensatory and punitive damages. Id. 4–5, 8.

Pinson and Stine are familiar litigants in federal court. Stine "has an extensive history of filing frivolous lawsuits in federal court, is subject to significant restrictions on filing cases in the District of Colorado and United States Court of Appeals for the Tenth Circuit, and has repeatedly

---

[2] Only Pinson has mailed filings to the court on behalf of all plaintiffs. See [D.E. 8-1]; [D.E. 11-2].

3

been held barred by the three-strikes provision of 28 U.S.C. § 1915(g)." Stine v. Federal Bureau of Prisons Designation and Sentence Computation Unit, No. 3:13-CV-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (unpublished) (collecting cases). "Pinson has filed 44 prisoner rights lawsuits . . . and more than 130 civil actions. The U.S. District Court, Northern District of Alabama and Southern District of Texas each previously informed Pinson that he has filed at least three cases which have been dismissed as meritless." Pinson v. Reynolds, No. 2:13-CV-00428-WTL-WGH, [D.E. 5] 2 (S.D. Ind. Dec. 19, 2013) (unpublished).

The PLRA's three-strikes provision allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

To avoid dismissal and proceed without prepayment of the filing fee, Pinson and Stine must show that they are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

4

To the extent either Pinson or Stine seeks to avoid section 1915(g) with allegations that he is in danger from assault by other inmates at USP-Florence, the argument fails. See Pinson v. Pacheco, 397 F. App'x 488, 492 (10th Cir. 2010) (unpublished) ("we fail to see how being housed in the same correctional institution [rather than in the same unit or the same cell] as inmates with whom he has some unspecified history would pose an immediate risk of harm to Pinson"); Stine, 2013 WL 6640391, at *2; Stine v. Fed. Bureau of Prisons, No. 10-CV-01652-BNB, 2010 WL 3276196, at *2–3 (D. Colo. Aug. 17, 2010) (unpublished) (rejecting Stine's allegations of imminent danger at the hands of other inmates, and noting "the ADX is the most secure facility in the BOP"); see also Fourstar v. Eckroth, 512 F. App'x 127, 128 (3d Cir.) (per curiam) (unpublished), cert. denied, 134 S. Ct. 263 (2013); Cloud v. Stotts, 455 F. App'x 534, 535 (5th Cir. 2011); Pinson v. Casden, No. 13-CV-01384-BNB, 2013 WL 3216144, at *2 (D. Colo. June 25, 2013) (unpublished). Thus, the court dismisses Pinson and Stine from the action pursuant to section 1915(g).

Next, the court addresses the motion for a preliminary injunction. See [D.E. 11]. Although purportedly signed by Hobbs, Pinson, and Stine, the motion appears to seek relief solely on behalf of Pinson and Stine, alleging that they were "recently assaulted" and "are pending transfer to the FCC Butner . . . or RHU Oakdale," but their transfers have been delayed as a result of this lawsuit. Mot. Prelim. Inj. 1, 3. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the

5

"standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiffs have not established that they are likely to succeed on the merits, that they are likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. Thus, plaintiffs have failed to meet their burden of proof. Accordingly, the court denies the motion for a preliminary injunction.

Finally, the court addresses Hobbs's claim of retaliation for his involvement in "case no. 10-5059[.]" Compl. 4–5. The Fourth Circuit has described how to review such claims:

> [I]n forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [28 U.S.C.] § 1915[(e)(2)(B)]. To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

Adams, 40 F.3d at 74. To survive frivolity review, Hobbs "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. Hobbs fails to plausibly allege that any defendant infringed any constitutionally protected right. See, e.g., Hudson v. Palmer, 468 U.S. 517, 525–26 (1984); United States v. Alkire, 82 F.3d 411, 1996 WL 166400, at *1 (4th Cir. 1996) (unpublished table opinion); Harrison v. Fed. Bureau of Prisons, 464 F. Supp. 2d 552, 555 (E.D. Va. 2006) (collecting cases); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (collecting cases), aff'd, 917 F.2d 1302, 1990 WL 174653 (4th Cir. 1990) (per curiam) (unpublished table decision). Additionally, Hobbs

6

presents nothing more than naked assertions of retaliation. Accordingly, the court dismisses Hobbs's claim as frivolous, and informs Hobbs that this dismissal constitutes a "strike" for purposes of § 1915(g).

## II.

In sum, the court GRANTS plaintiff Jeremy Brown's motions to withdraw [D.E. 5], DISMISSES the claims of plaintiffs Jeremy Pinson and Mikeal Stine without prejudice pursuant to 28 U.S.C. § 1915(g), DISMISSES plaintiff Andrew Hobbs's claim as frivolous pursuant to 28 U.S.C. 1915A, and DENIES the remaining motions [D.E. 6, 8, 10, 11]. The clerk shall send a copy of this order to all plaintiffs at their current places of incarceration and close the case.

SO ORDERED. This **21** day of January 2014.

JAMES C. DEVER III
Chief United States District Judge